RECEIVED
USDC CLERK, CHARLESTON, SC

2006 JAN 20 A 10: 43

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Billy Joe Cartrette, #122434,    )    C. A. 2:05-1431-JFA-RSC
                                 )
            Plaintiff,           )
                                 )
     -versus-                    )    **REPORT AND RECOMMENDATION**
                                 )
Jonathan Ozmint, Director, South )
Carolina Department of Corrections,)
                                 )
            Defendant.           )

This civil rights action, brought by a state prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983[1], is before the undersigned United States Magistrate Judge for a report and recommendation on cross motions for summary judgement. 28 U.S.C. § 636(b).

The plaintiff, Billy Joe Cartrette, filed the instant suit against Defendant Jonathon Ozmint, Director of the South Carolina Department of Corrections (SCDC), on May 16, 2005, and alleged that his due process rights were violated from January 1999 through October 2003, when deductions for room and board,

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

victim's assistance, and medical care were taken from his prison pay. Cartrette sued Ozmint in his individual and official capacities and seeks a declaratory judgment as well as compensatory and punitive damages.

The plaintiff filed his motion for summary judgment on July 1, 2005, and the defendant filed his opposition and motion for summary judgment on October 21, 2005. On October 25, 2005, the plaintiff was provided a copy of the defendant's summary judgment motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff filed an opposition to the motion on December 16, 2005. Hence, it appears consideration of the motions is appropriate.

A review of the record and relevant case law reveals this case should be dismissed without prejudice because of the plaintiff's failure to comport with the exhaustion requirement of the Prison Litigation Reform Act (PLRA).

## SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. Fed. R. Civ. P. 56(c). To avoid summary judgment on a defendant's motion, a plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, at 255, 106 S.Ct. at 2513-14.

Under the PLRA, "No action shall be brought with respect to prison conditions[2] under § 1983 of this title, or any other

---

[2] The Supreme Court recently held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force of some other wrong. Porter v. Nussle, 534 U.S. 516 (2002). Also, in Booth v. Churner, 523 U.S. 731, 121 S.Ct. 1819 (2001), the Supreme Court held that under § 1997e(a) a prisoner must exhaust his administrative remedies even when the relief the prisoner seeks (money damages) is not available in the prison grievance proceedings. Id. at 1825.

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no doubt that the PLRA's exhaustion requirement is mandatory." Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective.

Congress enacted the PLRA in an attempt to reduce the number of frivolous civil rights cases filed by prisoners. A plaintiff's failure to exhaust administrative remedies under § 1997e(a) before filing the lawsuit is an affirmative defense that must be raised and pled by the defendant. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 681 (4th Cir. 2005).

The plaintiff has the burden of demonstrating that he had exhausted the prison grievance procedure or that administrative remedies were unavailable with respect to his claims before the date of the filing of his § 1983 action. See, Brown v. Tombs, 139 F.3d 1102, 1104 (6th Cir.), cert. denied, 119 S.Ct. 88 (1998).

## DISCUSSION

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The defendant filed an answer on June 22, 2005, and raised failure to exhaust prison remedies as an affirmative defense.

4

The defendant also filed a summary judgment motion with affidavits and verified exhibits in which he argued that the plaintiff did not exhaust his administrative remedies and that the court should dismiss his claims on that basis.

The sworn affidavit of Mary Coleman, head of the SCDC's inmate grievance branch is part of the record here. It reads:

> 1. I am currently employed by the South Carolina Department of Corrections as the Branch Chief for SCDC's Inmate Grievance Branch. As such, I am responsible for the maintenance of a variety of records regarding all administrative grievances filed by inmates in accordance with SCDC's Inmate Grievance System Policy Number GA-01.12.
>
> 2. These records include copies of Step 1 and Step 2 grievance forms filed by inmates as well as notices from the South Carolina Administrative Law Court ("ALC") regarding appeals of grievance denials filed by inmates with the ALC under the provisions of Policy Number GA-01.12 and South Carolina appellate court precedent including Al-Shabazz v. State, 338 S.C. 354, 368, 527 S.E.2d 742, 750 (1999) and Wicker v. South Carolina Department of Corrections, 360 S.C. 421, 602 S.E.2d 56 (2004).
>
> 3. I recently conducted a review of my office's records regarding inmate Billy Joe Cartrette, the Plaintiff in the above captioned case, and my review yielded the following information:
>
> A. Inmate Cartrette filed a Step 1 grievance form dated January 28, 2005 in which he, among many issues, protested deductions taken from his prison industries wages for "Room and Board" and "Victim's Assistance".
>
> B. The Inmate Grievance Coordinator's ("IGC") Office at Ridgeland Correctional Institution ("RCI") received Inmate Cartrette's Step 1 grievance form on February 15, 2005, and assigned Inmate Cartrette's grievance the

5

following number: RCI-0089-05.

C.  RCI's Warden denied Inmate Cartrette's Step 1 grievance in its entirety on April 29, 2005, and Inmate Cartrette acknowledged receipt of the Warden's denial on May 9, 2005.

D. Inmate Cartrette flied a Step 2 grievance form dated May 9, 2005, in which he appealed the Warden's denial of his Step 1 grievance. In his Step 2 grievance form, Inmate Cartrette again protested deductions taken from his prison industries wages for "Room and Board" and "Victim's Assistance".

E. The IGC's Office at RCI received Inmate Cartrette's Step 2 grievance form on May 13, 2005. Inmate Cartrette's Step 2 grievance form received the same number as his Step 1 grievance form: RCI-0089-05.

F. SCDC's General Counsel, David M. Tatarsky, Esquire, denied Inmate Cartrette's Step 2 grievance in it's entirety on July 26, 2005. Mr. Tatarsky advised Inmate Cartrette that he could appeal this decision under the Administrative Procedures Act to the Administrative Law Court within 30 days of receiving the denial of his Step 2 grievance.

G.  On or about October 11, 2005, my office received notice from the ALC that Inmate Cartrette filed an appeal of Mr. Tatarsky's decision. According to the information my office received from the ALC, Inmate Cartrette filed his appeal with the Court on August 25, 2005. The Clerk of Court for the ALC docketed Inmate Cartrette's appeal as 05-ALJ-04-00736-AP, and, on September 7, 2005, assigned Inmate Cartrette's appeal to Administrative Law Judge Matthews.

H.  As of the date of this affidavit, Inmate Cartrette's appeal is still pending with the ALC.

4.  I collected and assembled the copies of Inmate Cartrette's grievance forms and spreadsheet

> reflecting data my office received from the ALC that appear in the exhibit[3] submitted to this Court.
>
> 5. Each copy is a true and accurate copy of the forms and spreadsheets maintained by my office.

In his verified complaint, Cartrette indicated that SCDC did have a grievance procedure in place, but did not indicate whether he had filed a grievance or whether he had exhausted his grievance.[4] He addressed the exhaustion issue solely:

> The Plaintiff gave the Defendant ample notice about these violations by way of the internal grievance system of [SCDC]. Said grievances were denied. Then Plaintiff waited to hear from a filing within the S.C. Court System wherein the action was denied due to the Defendant having immunity under the S.C. Torts Act.

Complaint at 2.

By way of brief in opposition to the defendant's summary judgment motion, Cartrette argued that he complied with the

---

[3] The exhibits are as Coleman represented.

[4] Cartrette's complaint was a hand typed version of the form provided by the District of South Carolina courts to prisoners to use when filing of pro se civil rights complaints except the plaintiff's complaint omitted part II C (2) "Did you file a grievance concerning the claims you are raising in this matter? When? Grievance number (if available)?" and D. "Have you received a final agency/departmental/institutional determination concerning this matter (i.e., your grievance)?" and E. "When was the final agency/departmental/institutional answer or determination received by you? If possible please attach a copy of your grievance and a copy of the highest level decision concerning your grievance that you have received." In spite of the fact that Cartrette failed to include those form questions which would have revealed he had a relevant grievance pending at the time he filed suit, he now does not dispute that fact.

7

exhaustion requirement "when he received a Final Order from the State Circuit Court of February 26, 2003, and later a order of Dismissal from the Court of Appeals on January 23, 2004."

Ozmitt replied to Cartrette's opposition and filed certified copies of the orders which Cartrette referenced. The court orders revealed three (3) consolidated suits filed in 2001 against SCDC and Kwalu, Inc., by SCDC inmates including the plaintiff, 2001-CP-27-218, 2001-CP-27-219, and 2001-CP-27-253. These suits were not appeals from denials of Step 2 SCDC grievances. In a February 26, 2003, order the Honorable Jackson V. Gregory granted summary judgment to the defendants finding that the plaintiffs lacked standing to bring the action.

The plaintiff included a seven (7) page unverified exhibit with his memorandum in opposition which he did not refer to in his memorandum, but the exhibit could only be relevant to his claim that he had exhausted his administrative remedies. Even if the exhibit was of evidentiary quality, it does nothing to carry Cartrette's burden to show he exhausted his administrative remedies as to the claims presented here.

In short, it appears that Cartrette had not complied with the exhaustion requirement of the PLRA when he filed the instant complaint. No genuine material question of fact has been presented and the case should be dismissed without prejudice.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the complaint be dismissed without prejudice for failure to comply with the exhaustion requirement of the PLRA and all other motions be deemed moot.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

January 20, 2006

9

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The Serious Consequences of a Failure to Do So**

    The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

    During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
