IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Billy Joe Cartrette, #122434, ) | C/A No. 2:05-1431-JFA-RSC |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Jonathan Ozmint, Director, South Carolina ) | |
| Department of Corrections, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The *pro se* plaintiff, an inmate with the South Carolina Department of Corrections, initiated this action against the defendant pursuant to 42 U.S.C. § 1983. The plaintiff alleges that his due process rights were violated when deductions for room and board, victim's assistance, and medical care were taken from his prison pay. The plaintiff has sued defendant Ozmint in his individual and official capacity and seeks a declaratory judgment, compensatory and punitive damages.

The defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure suggesting that the allegations of the plaintiff's complaint do not give rise to a constitutional claim. The plaintiff was advised of the summary judgment procedure and his need to adequately respond to the motion pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The plaintiff responded to the motion and filed supporting affidavits. The plaintiff also filed a motion for summary judgment to which the defendant responded.

The Magistrate Judge has filed a detailed and comprehensive Report and Recommendation suggesting that the case should be dismissed without prejudice because of the plaintiff's failure to comply with the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"). The Report sets forth in detail the relevant facts involved in this case, and the court incorporates those facts as described in the Report without a recitation.

Within the time prescribed by the Local Rules for this District, the plaintiff has not filed objections to the Report and Recommendation. The court has determined that the Magistrate Judge's recommended disposition should not be disturbed for the reasons stated

herein.

Although the plaintiff contends he has exhausted all his remedies under the PLRA, a sworn affidavit dated October 21, 2005 from Mary Coleman, head of the SCDC's inmate grievance branch, attests that the plaintiff's grievance appeal is still pending.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C.A. § 1997e(a) states that

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *See Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002). Thus, the exhaustion provision plainly extends to plaintiff's allegations and his claims must be dismissed because he has not satisfied the administrative exhaustion requirement under the PLRA as discussed herein.

In a recent Fourth Circuit case, *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674 (4th Cir. 2005), the Court found that except in the rare case where failure to exhaust is apparent from the face of the complaint, a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue. Defendant has raised the issue of failure to exhaust in his motion for summary judgment and the plaintiff has responded to such issue.

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds that the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge and incorporates this Report by specific reference.

Accordingly, this action is dismissed without prejudice. The cross motions for summary judgment are denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
February 13, 2006                                         United States District Judge
Columbia, South Carolina